# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD LEWIS WOODARD, | ) | CASE NO. 1:26-CV-0517 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| CITY OF CLEVELAND, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Richard Lewis Woodard, an inmate in FCI Allenwood, filed this civil rights action to challenge his August 2025 federal conviction on drug charges. *See United States of America v. Woodard*, No. 1:20-cr-00473 (N.D. Ohio Aug. 13, 2025) (Barker, J.). In this Complaint, he challenges the searches of his vehicle and residence, the thoroughness of the police investigation, the conduct of the government in turning over exculpatory evidence, and decisions made by the Court, which he contends denied him the right to call witnesses and denied him due process. He asserts violations of his Fourth, Fifth, Sixth, Eighth, Tenth, and Fourteenth Amendment rights. He seeks a declaration from this Court that his constitutional rights were violated and an award of monetary damages.

## I.    Background

In the summer of 2020, Richard Woodard was selling a mixture of drugs containing fentanyl in the City of Cleveland. One of his customers, Mr. Moore, Sr., died on July 28, 2020, some time after Woodard sold him a baggie of white powder that proved to be fentanyl mixture. *Id.* That baggie, which had Woodard's DNA on the zipper, was found in Mr. Moore's pocket.

*Id.*  According to Plaintiff, it is unclear whether Mr. Moore died from a fentanyl overdose, or a heart attack. *Id.*

Police were able identify Woodard as Mr. Moore's drug dealer and placed him under surveillance. They observed Woodard driving to various locations and completing drug sales. *Id.* On August 7, 2020, police observed as Woodard sold fentanyl to one of his customers, L.S. *Id.* He then drove to a tire shop where he conducted another drug transaction and finally drove to a Shell gas station. *Id.* (R. 1, PageID 1). He parked his car, but left it running while he went inside to conduct another sale. Police arrested Woodard as he was returning to his vehicle.  After the arrest, the officer opened the unlocked vehicle door to turn off the ignition, and saw plastic bags containing a white powder and a digital a scale in the door pocket and two cellular telephones on the center console. *Id.*

At the time of his arrest, Woodard informed the officers that his twelve-year old son was home alone in his apartment. *Id.* Officers went to Woodard's apartment to secure the minor and discovered firearms in plain sight near the child and a small drug lab set up on a folding table in the living room. The drugs found on this table were similar mixtures to the drugs that were found in Mr. Moore's pocket when he died. *Id.* They were also similar to the fentanyl mixtures that Woodard sold to Smith on August 7, 2020, and that he had in his car when he was arrested. *Id.*

Woodard was charged in this Court with two Counts of Possession with Intent to Distribute; two Counts of Distribution; one Count of Felon in Possession of a firearm and ammunition; one Count of Possession of a firearm in commission of a drug crime, and an enhancement penalty for a death resulting from use of a controlled substance. *Id.*  Woodard's counsel filed several Motions to Suppress the evidence found during the searches of his vehicle and his apartment, but the Motions were denied. *Id.*  After a jury trial, Woodard was convicted

on all six Counts but found not guilty of the enhancement. *Id.* On August 13, 2025, the Court sentenced Woodard to a term of 142 months on each of Counts 1, 2, 3, 4, and 6, to be served concurrently, and 5 years on Count 5, to be served consecutively to all other Counts; five years of Supervised Release to run concurrently; and a special assessment of $600.00.

Woodard appealed his conviction to the United States Sixth Circuit Court of Appeals. That appeal is still pending. *Id.*

Woodard then filed this civil rights action challenging his conviction. First, he asserts that the Defendant officers searched his vehicle and residence without a warrant in violation of his Fourth Amendment rights. *Id.* at 2. Second, he asserts that the government withheld or delayed the disclosure of exculpatory and impeachment evidence in violation of his Fifth Amendment rights and *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* Third, he claims that the Court denied his request to place officer Allen on his witness list and refused to hold an evidentiary hearing in violation of his Sixth Amendment right to compulsory process. *Id.* Fourth, he contends that the Defendants produced warrant affidavits, reports, and investigative accounts relying upon fabricated or misleading information in violation of his right to due process under the Fourteenth Amendment. *Id.* Fifth, he claims police failed to conduct a thorough investigation, ignored exculpatory leads and instead relied on Ms. Smith's testimony to connect him to the sale of drugs in violation of Eighth Amendment rights. *Id.* Finally, Woodard asserts that the Officer Allen is a Cleveland Metropolitan Housing Authority Officer and not a federal law enforcement official which "coupled with federal warrant applications attributed to him (Feb. 2021), raise Tenth Amendment/federalism concerns and call into question the legitimacy of purported federal investigatory acts taken by local personnel outside their lawful authority." *Id.*

## II. Legal Standard and Analysis

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998). Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

This action is dismissed for the following reasons. Woodard cannot collaterally attack his criminal conviction in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck*

stands for the principle that a criminal Defendant cannot challenge his arrest, prosecution, or conviction in a civil rights action for damages if a judgment in his favor would cast doubt on the validity of his conviction or sentence. Before a plaintiff may seek to recover damages for allegedly unconstitutional conviction or imprisonment, the plaintiff must prove that the conviction or sentence was reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486. This holding has been extended to actions seeking injunctive and declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Wilson v. Kinkela*, 145 F.3d 1335 [published in full-text format at 1998 U.S. App. LEXIS 9341], 1998 WL 246401, at *1 (6th Cir. 1998) (extending *Heck* to actions seeking declaratory and injunctive relief).

Consequently, where—as here—an individual attacks a conviction or sentence through a civil lawsuit, a court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, then the case must be dismissed unless, for example, the underlying conviction or sentence has already been invalidated. In addition, if the Court determines that the plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, then the action should be allowed to proceed, in the absence of some other bar to the lawsuit.

In this case, Woodard directly attacks his conviction. He challenges the validity of the searches that produced the evidence used to convict him. He claims exculpatory evidence was withheld, delayed, or ignored, and seeks to challenge the Court's decision allegedly preventing him from adding Officer Allen to his witness list and preventing Woodard from being able to cross examine him. He further asserts officers arrested him without authority to do so and failed to pursue other potentially exculpatory leads, which denied him due process. If these claims were

5

found to have merit, they would call into question the validity of his trial court conviction, which still stands. The direct appeal of his conviction is still pending. Plaintiff's claims, therefore, are not cognizable in a civil rights action.

### III.    Conclusion

This action is dismissed pursuant to 28 U.S.C. §1915(e), for the foregoing reasons. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date:  July 20, 2026                          s/ *David A. Ruiz*
                                             David A. Ruiz
                                             United States District Judge